Filed 05/19/21

VERMONT SUPERIOR COURT

Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 48-3-19 Ancv

---

**Wilcox Construction, LLC vs. LR Provencher Earthworks, Inc. et al.**

---

## ENTRY REGARDING MOTION

Title: Plaintiff's Motion for Summary Judgment on Counts I and III (Motion: 1)
Filer: John M Mazzuchi
Filed Date: December 09, 2020

The motion is GRANTED IN PART and DENIED IN PART.

Count I: Breach of Contract

Plaintiff alleges that Defendants are responsible for all amounts on unpaid invoices in the otal tamount of $169,962.53 and relies on the "Credit Application" of 2004 as a contract establishing full liability. Defendants dispute that the Credit Application includes terms of sale, and alleges that the stone Plaintiff sold was unfit for some applications.

The Credit Application is a contract that relates to terms of billing only, including such terms as interest rate and attorneys' fees upon collection, but does not define the terms of any of the sales of products between the parties. Defendants do not dispute that stone was purchased as reflected on Plaintiff's invoices. They allege that some of the product sold was defective but only some and not all (Provencher Affidavit, ¶ 27[1]).

Thus, there are sufficient undisputed facts to grant the motion as to liability in general, but not as to the specific amount due. There are insufficient facts to determine the terms of any of the sales of the product and the resulting amount of liability as to each such sale.

Accordingly, summary judgment is granted to Plaintiff as to liability, but not as to the specific amount claimed, which will require an evidentiary hearing.

---

[1] Plaintiff argues that Defendants seek to set off claims arising from pre-2014 fully paid sales against amounts due under the subsequent unpaid invoices, which may be the case to some extent, but the facts also indicate disputes as to the terms of sale of some of the items in the invoices on which this claim is based. Further factual development is needed.

## Count III: Prompt Pay Act

Plaintiff claims remedies under the Prompt Pay Act on the grounds that the stone Earthworks purchased from Wilcox was necessary to perform work on real property. The court adopts the analysis of the application of the Prompt Pay Act set forth in Defendant's memorandum in opposition. While stone sold is likely to be used in projects on real property in general, that is not a sufficient basis for the seller of stone to be entitled to recovery under the Prompt Pay Act as a contractor or subcontractor "in connection with a construction contract." There is no evidence that Wilcox was ever involved in providing stone to Earthworks for a particular identified construction contract on a specific property.

Accordingly, Plaintiff's motion for summary judgment on Count III is denied. By the other ruling issued this day on Motion #4, summary judgment is granted to Defendants.

Electronically signed pursuant to V.R.E.F. 9(d) on May 14, 2021 at 9:09 AM.

Mary Miles Teachout
Superior Court Judge